## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

RUQAYYAH BOBO,                                          Case No.:
An individual,                                         Hon.

      Plaintiff,

v.

DAVID P. STEINER,
Postmaster General of the United States,
An employer.

      Defendant.

_____/

Eric I. Frankie (P47232)
Attorney for Plaintiff
3000 Town Center, Ste. 1820
Southfield, MI 48075
(248) 219-9205
ericfrankie26@yahoo.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff  Ruqayyah Bobo by and through her attorney, Eric I. Frankie, states

for her Complaint against Defendant David P. Steiner, Postmaster General of the

United States, as follows:

## I.  PARTIES, JURISDICTION AND VENUE.

1.      Plaintiff Ruqayyah Bobo ("Plaintiff") has been employed by the

USPS for 15 years total.  She has worked as Supervisor of Distribution Operations

("SDO") since 2024.

1

2.      Defendant David P. Steiner ("Defendant" or "USPS") is the United States Postmaster and is the real party in interest for his civil action pursuant to the laws of the United States.

3.      This Court has jurisdiction of the matter pursuant to the Rehabilitation Act of 9173 (29 USC §701, et seq. and 28 U.S.C. §1331.

4.      Venue is proper in this Court because the events giving rise to this Complaint occurred in the Eastern District of Michigan.

5.      Plaintiff has exhausted all administrative remedies and received a final agency decision dated January 6, 2026.

## II.  GENERAL ALLEGATIONS.

6.      Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

7.      Plaintiff is a 55 year old African-American female with the qualifying disability of Chronic Venous Insufficiency which she was diagnosed with on August 21, 2024.

8.      At all times relevant to this matter, Plaintiff has met or exceeded USPS' employment expectations as an SDO at the Detroit MI P&DC.

9.      Plaintiff informed her immediate supervisor, Manager of Distribution Operations ("MDO") Portia Donley, of her qualifying disability.  In fact, on September 12, 2024 Plaintiff presented medical documentation to Defendant's

2

management in support of her need for restrictions of only 4 hours standing/walking and no lifting over 50 lbs.

10.     Plaintiff's restrictions were accommodated after they were presented by Donley without any issue until February 4, 2025.

11.     On February 3, 2025 Plaintiff was approached by MDO Tunya Hill, AMDO Charee Jackson and AMDO Tiffani Williams on the 3rd floor.  They requested Plaintiff's continuous presence near the elevator to monitor an employee. Plaintiff explained to them that her current work restrictions would prevent her from constant surveillance of the employee.

12.     On February 4, 2025, in retaliation for Plaintiff's refusal to work outside of her restrictions as directed to by Hill, Jackson and Williams, Donley gave her a light duty packet and instructed Plaintiff to have it filled out by her doctor before she could return to work.  Plaintiff explained to Donley that this was not in line with proper procedure and that as an EAS employee she was entitled to reasonable accommodations but, despite this, Donley made her leave the building.

13.     On February 7, 2025, Plaintiff returned to work to seek clarification from Donley about her status.  Plaintiff also asked about her pay and presented updated work restrictions which she believed Donley had overlooked.  Donley questioned her presence at work despite Plaintiff's need for written documentation regarding the reason for her absence.  Plaintiff requested a written statement or

3

email to the effect that she was not allowed to return to work since the light duty package did not state this.  In response, Donley claimed that Plaintiff was being insubordinate, was failing to follow instructions, was trespassing at work and threatened to call security if Plaintiff did not leave.

14.     Donley charged Plaintiff as AWOL from February 8, 2025 to March 11, 2025 and Plaintiff was not compensated for these missed hours.

15.     On March 15, 2025 when Plaintiff returned to work, her work schedule hours were changed with no prior notice.

16.     Plaintiff was restricted from the use of her work computer and the tools that she needed to perform her duties after her return to work because she had been improperly removed from the building on February 4, 2025.

17.     On May 11, 2025, Plaintiff was stung by a bee which she was allergic to and management was hesitant to provide her medical attention so Plaintiff had to call 911 herself.  Plaintiff's co-worker saw a bee on her and knocked it off of her. The bee stung Plaintiff and the stinger was lodged in her neck.  Plaintiff started turning red and could not breathe.  She asked another co-worker to call an ambulance. The co-worker stated that management had to be called first so he called SDO La'Jaia Chatman.  He told Chatman that his supervisor was stung by a bee and needed an ambulance.  Chatman responded by asking what supervisor and Plaintiff's co-worker told her it was Plaintiff.  He also asked why that mattered and

4

said Plaintiff needed medical attention.  Plaintiff knew from the reaction on her co-worker's face that they were not going to help her as the situation required so she went into the office and called 911.  When Plaintiff got into the ambulance she stopped breathing and was injected in the leg with Epinephrine.  If Plaintiff had not called 911 herself she could have died because of her allergy.

### III.  COUNT I-VIOLATIONS OF THE REHABILITATION ACT OF 1973.

18.     Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

19.     Defendant has violated the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq. by among other things, removing Plaintiff from the building on February 4, 2025, charging Plaintiff with AWOL from February 8, 2025 to March 11, 2025, not compensating Plaintiff from February 8, 2025 to March 11, 2025, changing Plaintiff's work schedule hours on March 15, 2025 without prior notice, restricting Plaintiff from use of her work computer and tools and failing to adequately respond to Plaintiff's May 11, 2025 bee sting medical emergency because of her disability, and in other ways discriminating against her with respect to her terms and conditions of employment.

20.     Defendant has violated the Rehabilitation Act of 1973, 29 U.S.C. §794, by among other things, by failing to provide Plaintiff with reasonable

accommodations of only 4 hours walking/standing and no lifting over 50 lbs. from February 3, 2025 until March 15, 2025.

21.     Defendant has retaliated against Plaintiff for engaging in protected activities under Rehabilitation Act of 1973, 29 U.S.C. §794 for all of the reasons set forth in ¶¶ 19-20 above.

## IV. COUNT II-VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967.

22.     Plaintiff restates and re-alleges each and every allegation and statement in the above paragraphs as if fully set forth herein.

23.   Defendant has violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq., by among other things, refusing to honor her medical restrictions beginning February 3, 2025, removing Plaintiff from the building on February 4, 2025, charging Plaintiff with AWOL from February 8, 2025 to March 11, 2025, changing Plaintiff's work schedule hours without prior notice on March 15, 2025, restricting Plaintiff's use of her work computer and other tools necessary for her job performance and failing to adequately respond to Plaintiff's bee sting medical emergency on May 11, 2025 because of her age and in other ways discriminating against her with respect to her terms and conditions of employment.

24.   Defendant has retaliated against Plaintiff for engaging in protected activities under the Age Discrimination in Employment Act 0f 1967, 29 U.S.C. §621 et seq., for all of the reasons set forth in ¶23 above.

6

## V.  RELIEF REQUESTED.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff a trial by jury on all issues so triable, award Plaintiff all damages allowable under law, including costs and attorney's fees, and grant her any other relief this Court deems just and necessary.

Respectfully submitted,

Dated: April 6, 2026                    By:_____/s/Eric I. Frankie_____
                                        Eric I. Frankie (P47232)
                                        Attorney for Plaintiff
                                        3000 Town Center, Ste. 1820
                                        Southfield, MI 48075
                                        (248) 219-9205
                                        ericfrankie26@yahoo.com